By the Court.
The relator filed in this court his original petition and seeks a writ of mandamus requiring the board of deputy state supervisors and inspectors of elections of Franklin county to print and place upon the official ballot the relator’s name as a candidate for the office of mayor of the city of Columbus.
There is no issue of fact in the case, and for the purposes of this decision it is sufficient to state that it is admitted by the respondents that the nominating petition filed by relator conforms to Chapter 7, Title 14, Part First, General Code, and to the provisions of the charter of the city of Columbus, with the exception that seven signatures to said nominating petition were in lead pencil, and that no objection in writing was made to said nominating petition by any person at any time; and it is agreed that unless the seven signatures in lead *21 pencil be counted the relator’s petition contains an insufficient number of signatures to entitle him to a place on the ballot in said election.
The relator is not' entitled to such writ of mandamus unless it clearly appear that the performance of the act sought by him is one “which the law specially enjoins as a duty resulting from an office, trust or station.”
Section 207 of the charter of the city of Columbus, duly adopted in pursuance of authority conferred by the constitution, having reference to the requirements of nominating petitions for municipal offices, specifically requires that “Each signer to a petition shall sign his name in ink or indelible pencil.” Such provision controls and that requirement must be regarded as mandatory, and therefore signatures not in compliance therewith need not be and should not be considered or counted in determining the sufficiency of a nominating petition.
It appears upon the face of these petitions that in the respect referred to they were not in conformity with the requirements of the law, and therefore the board of deputy state supervisors and inspectors of elections was not required to deem them valid, although no objection had been made in writing within five days after the filing thereof.’ Sections 5005 and 5006, General Code, must be read and construed together. The latter section, as amended in 103 Ohio Laws, 844, provides that “Such objections or other questions, arising in the course of the nomination of candidates, shall be considered as follows: * * * For township or *22 municipal offices, justices of the peace, or members of the board of education, by the board of deputy state supervisors of the county, and its decision shall be final.” Not only would the board have the inherent right, but authority is conferred upon it, without objection filed, to reject and refuse to. act upon nominating petitions which clearly are not in conformance with the requirements of the law.
The conceded facts show that the relator has not filed such a petition as entitled him to a place on the official ballot. The act he seeks to have performed by the deputy state supervisors and inspectors of elections is not specially enjoined upon them by the law, and his prayer for a writ of mandamus must therefore be denied.

Writ refused.

"Nichols, C. J., Johnson, Donai-iue, Wanamaker, Newman, Jones and Matthias, JJ., concur.